IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| KENNETH BRIAN PROCTOR and ) | |
| DAWN PATRICIA PROCTOR, ) | |
| ) | CASE NO. BK09-42748-TLS |
| Debtor(s). ) | A09-4072-TLS |
| RICK D. LANGE, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A., and WELLS ) | |
| FARGO FINANCIAL NATIONAL BANK, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER</u>

      This matter is before the court on stipulated facts in lieu of trial (Fil. #24) and on the defendants' motion for summary judgment (Fil. #27). Brian S. Kruse represents the Chapter 7 trustee, and Jonathon B. Burford represents the Wells Fargo entities. The parties agreed to submit the case on stipulated facts and briefs and waive their right to a trial or the presentation of additional evidence. The matter is now ready for decision.

      I find for the trustee.

      The debtors executed a deed of trust in favor of Wells Fargo Bank, N.A., which was recorded fewer than 90 days before the bankruptcy petition was filed. The trustee is attempting to avoid the deed of trust as a preference. The defendants assert that the transaction resulted from a refinance and should not be considered preferential.

      The parties agree on the following facts:

      1. Kenneth and Dawn Proctor filed their Chapter 7 bankruptcy petition on September 22, 2009.

      2. Plaintiff Rick D. Lange is the duly appointed and qualified Chapter 7 bankruptcy trustee for this case.

      3. Defendant Wells Fargo Bank, N.A., is a national banking association doing business in Lancaster County, Nebraska.

  4.  Defendant Wells Fargo Financial National Bank is a national banking association doing business in Lancaster County, Nebraska.

  5.  On or about August 24, 2007, the debtors executed a promissory note in favor of Wells Fargo Bank, N.A., in the principal amount of $116,000 ("the 2007 Note").

  6.  On or about August 24, 2007, the debtors executed a deed of trust ("the 2007 Deed of Trust") for the purpose of securing the 2007 Note with real property commonly known as 2251 Manitou Drive, Lincoln, NE 68521 and legally described as LOT TWENTY-THREE (23), IN BLOCK TWO (2), IN NORTH CREEK 4TH ADDITION, IN LINCOLN, LANCASTER COUNTY, NEBRASKA ("the Real Estate").

  7.  The 2007 Deed of Trust was filed with the Lancaster County Register of Deeds on September 18, 2007, as Instrument No. 2007-47222.

  8.  On or about July 2, 2009, the debtors executed a promissory note in favor of Wells Fargo Bank, N.A., in the principal amount of $117,033 ("the 2009 Note").

  9.  On or about July 2, 2009, the debtors executed a deed of trust ("the 2009 Deed of Trust") for the purpose of securing the 2009 Note with the Real Estate.

  10.  On or about August 3, 2009, Wells Fargo Bank, N.A., caused the 2007 Deed of Trust to be released per a deed of reconveyance filed with the Lancaster County Register of Deeds as Instrument No. 2009-43038.

  11.  The 2009 Deed of Trust was filed with the Lancaster County Register of Deeds on August 25, 2009, as Instrument No. 2009-047045.

  12.  The filing date of the 2009 Deed of Trust was within 90 days of the filing of the debtors' bankruptcy petition.

  13.  The filing of the Deed of Trust was made for the benefit of the defendants on account of the antecedent debt owed by the debtors to Wells Fargo Bank, N.A., pursuant to the Note while the debtors were insolvent.

  14.  If not avoided, the recorded Deed of Trust would enable the defendants to receive more than they would receive if said Deed of Trust was not recorded with the Register of Deeds and the defendants asserted their claim in a Chapter 7 liquidation.

  15.  As of September 22, 2009, Wells Fargo was owed $116,744.61 on the 2009 Note.

  16.  The fair market value of the Real Estate as of September 22, 2009, was $145,000.00.

  As to the legal analysis, the Eighth Circuit Court of Appeals recently addressed the parameters of the avoidance of preferential transfers:

> "Under the Bankruptcy Code's preference avoidance section, 11 U.S.C. § 547, the trustee is permitted to recover, with certain exceptions, transfers of property made by the debtor within 90 days before the date the bankruptcy petition was filed." *Barnhill v. Johnson*, 503 U.S. 393, 394, 112 S. Ct. 1386, 118 L. Ed. 2d 39 (1992). "This rule 'is intended to discourage creditors from racing to dismember a debtor sliding into bankruptcy and to promote equality of distribution to creditors in bankruptcy.'" *Lindquist v. Dorholt (In re Dorholt, Inc.)*, 224 F.3d 871, 873 (8th Cir. 2000) (quoting *Jones Truck Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund (In re Jones Truck Lines, Inc.)*, 130 F.3d 323, 326 (8th Cir. 1997)).
>
> "Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." *Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.)*, 986 F.2d 228, 230 (8th Cir. 1993). The trustee must establish each of these elements by a preponderance of the evidence. *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 466 (8th Cir. B.A.P. 2000).

*Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010).

All of the elements of a preference were stipulated to by the parties. The only issue is whether the defendants have a valid defense to avoidance. The Wells Fargo entities argue that the transfer was a substantially contemporaneous exchange for new value. Section 547(c)(1). That section precludes avoidance when the transfer secures a new loan received at about the same time:

> (c) The trustee may not avoid under this section a transfer —
> > (1) to the extent that such transfer was —
> > > (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
> > > (B) in fact a substantially contemporaneous exchange[.]

The question here is whether the passage of time between the execution of the promissory note and deed of trust and the perfection of the lien by recording the deed of trust can be considered "substantially contemporaneous." The parties agree that the 2009 Deed of Trust was not recorded until 54 days after it was executed, and 22 days after the 2007 Deed of Trust was released. As the parties against whom avoidance is sought, the Wells Fargo entities have the burden of proving that an exception to avoidance exists. Section 547(g).

In the Eighth Circuit, "substantially contemporaneous" as used in § 547(c)(1) is an "elastic term" not susceptible to application of a bright-line rule, but rather is "a flexible concept which requires case-by-case inquiry into all relevant circumstances." *Lindquist v. Dorholt (In re Dorholt, Inc.)*, 224 F.3d 871, 874 (8th Cir. 2000). *Dorholt* does not define the "relevant circumstances"

because the case was before the court only on the legal question of the breadth of the term "substantially contemporaneous," but one of the cases upon which the court relied in reaching its conclusion was *Pine Top Ins. Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 969 F.2d 321 (7th Cir. 1992). *Pine Top*'s examples of relevant circumstances include length of delay, reason for delay, nature of the transaction, intentions of the parties, and possible risk of fraud. 969 F.2d at 328. A three-week delay between issuance of the new value and the transfer of the collateral was deemed "inconsequential" and thus substantially contemporaneous in *Pine Top* because the debtor's urgent financial situation necessitated a quick extension of credit before all of the collateralization documents were prepared and finalized. Because the delay was unavoidable, the court ruled that the transfer was unavoidable as well.

In *Rouse v. University Nat'l Bank (In re McCaskill)*, ___ B.R. ___, 2010 WL 2719962 (Bankr. W.D. Mo. July 8, 2010), the bankruptcy court followed *Pine Top* and *Dorholt* in finding that a 34-day delay between the bank's release of a lien on a vehicle and its perfection of a lien on a substitute vehicle was substantially contemporaneous because the evidence indicated that the parties intended a simple substitution of collateral and the delay was, in part, due to the bank's misunderstanding of when the release occurred. Because the transfer "was an integral part of a transaction intended by the parties to be a contemporaneous exchange for new value[, it] was in fact a 'substantially contemporaneous' exchange." *Id.* at *3.

In *Morris v. Chisolm Trail State Bank (In re Stephens)*, 242 B.R. 508 (D. Kan. 1999), the district court on appeal followed *Pine Top* and the Eighth Circuit Bankruptcy Appellate Panel's decision in *Dorholt* and found that a 14-day delay between execution of a loan and perfection of a lien in a vehicle was substantially contemporaneous because the delay was beyond the control of the bank. The bank acted promptly in sending a check to pay off the previous lender and in preparing a title and registration application after the previous lienholder released its lien, so the delays inherent in that process could not be helped and were not unreasonable.

Unlike the cases cited above, however, there is no evidence before this court of the reason for the delay or the intentions of the parties in the present case. Of eminent detriment to the defendants' case is the lack of an explanation for the length of the delay in recording the 2009 Deed of Trust, even after the previous lien was released, especially when all parties were located in the same city and postal delays would not be of particular import. Without an explanation to the contrary, it appears the delay was due solely to the Wells Fargo entities, as they were in control of delivering the deed of trust for recording. The length of time between execution and perfection in this case, absent evidence that would allow the court to inquire into all relevant circumstances, cannot permit the transfer to be deemed substantially contemporaneous with the provision of new value to the debtors. Therefore, the transfer is avoidable as a preference.

The defendants argue in their motion for summary judgment that equitable subrogation protects the transfer from avoidance by the trustee. They rely on *Feldhahn v. Feldhahn*, 929 F.2d 1351 (8th Cir. 1991), which sets out the factors that would entitle a claimant to subrogation under § 509(a). *Feldhahn* and § 509 concern the claims of co-debtors and their right to subrogation when they pay the claim of a creditor against the debtor and then succeed to the creditor's rights. Such a

fact situation is not present in this case. The Wells Fargo entities were creditors – they were never co-debtors with the borrowers, so § 509 is inapplicable.

In Nebraska, subrogation means

the substitution of another person in the place of a creditor so that the person in whose favor it is exercised succeeds to the rights of a creditor in relation to the defendant, but such subrogee can acquire no greater right than the creditor had to whose right he succeeds at the time of such payment by him [as accomplishes the subrogation].

*Am. Nat'l Bank v. Clark*, 670 N.W.2d 484, 487 (Neb. Ct. App. 2003) (quoting *Am. Sur. Co. v. Sch. Dist. No. 64 of Douglas County*, 219 N.W. 583, 588 (Neb. 1928)).

One of the premises of equitable subrogation is that other creditors will not be harmed by, in essence, substituting one creditor for another. In this case, there is no third party paying off a debt and stepping into the shoes of that creditor. What we have is a single creditor who failed to perfect its lien and is attempting, unsuccessfully, to find a creative way to regain its secured position.

Although the defendants did not raise the earmarking doctrine as a defense, the trustee addressed it preemptively. Earmarking involves the substitution of one creditor for another with no diminution of the estate. Specifically, there must be an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt, the terms of the agreements are actually performed, and the transaction as a whole does not result in any diminution of the estate. *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 467 (B.A.P. 8th Cir. 2000) (citing *McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enter., Ltd.)*, 859 F.2d 561, 566 (8th Cir. 1988)). To the extent it may be considered an issue herein, the earmarking doctrine is not applicable here because the first element – the substitution of one creditor for another – does not exist. Earmarking comes into effect when one creditor steps into the shoes of another; here, both loan transactions involve the same creditor, so this exception to the avoidance statute is inapplicable.

IT IS ORDERED: The defendants' motion for summary judgment (Fil. #27) is denied. Separate judgment will be entered in favor of the plaintiff on the parties' stipulation of facts in lieu of trial. The defendants' lien is avoidable as a preference.

DATED: October 5, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Jonathon B. Burford        *Brian S. Kruse
    U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.